## Browder v. Commonwealth.

(Decided December 20, 1929.)

J. C. CLOYD for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Affirming.

The defendant was indicted by the Jefferson county grand jury for the offense denounced by section 1971, Carroll's Kentucky Statutes 1922. On a trial by a jury he was found guilty and his punishment fixed at six months in the county jail. He appeals, alleging that the court erred as follows:

1. Because the court erred in overruling the demurrer to the indictment offered by the defendant.

2. Because the court, over the objections of the defendant, permitted the commonwealth to introduce incompetent evidence, and because the court erred in sustaining objections to competent evidence offered by the defendant.

3. Because the court erred in instructing the jury and did not give the whole law of the case and in overruling the defendant's motion for a peremptory instruction at the close of all the evidence.

4. Because the verdict was contrary to law and not supported by the evidence.

We have carefully examined the entire record in this case, and are of the opinion: First, that the indictment was sufficient and the court did not err in overruling the demurrer; second, that no incompetent evidence prejudicial to the substantial rights of the defendant was admitted, nor was any competent evidence offered by the defendant excluded; third, the instructions given by the trial judge were in our opinion correct and present the whole law of the case; fourth, it would serve no good purpose to quote the evidence in this case or to discuss the proceedings at any great length. We are of the opinion that there was ample evidence, including the admission of defendant both in and out of court, to take this case to the jury, and ample evidence to sustain this verdict.

From a careful review of the whole record, we find no error prejudicial to the substantial rights of the defendant, and we are of the opinion that defendant was given a fair trial.

It is therefore ordered that the judgment be affirmed.